IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD ZOLLARS and<br>RUTH ZOLLARS, his wife,<br><br>         Plaintiffs,<br><br>    v.<br><br>TROY-BUILT, LLC and<br>LOWE'S HOME CENTERS, INC.<br>t/d/b/a LOWE'S<br><br>         Defendants. | No:<br><br>Electronically Filed<br><br>Carl R. Schiffman, Esquire<br>PA. I.D. #23626<br><br><br><br>Schiffman & Wojdowski<br>1300 Fifth Avenue<br>Pittsburgh, PA  15219<br>412-288-9444<br>412-288-9455<br>schifwojdo@hotmail.com |

**COMPLAINT**

AND NOW comes the Plaintiff Ronald Zollars and Ruth Zollars, his wife, by and through their attorneys, Schiffman & Wojdowski and Carl R. Schiffman, Esquire, and file the following Complaint:

1.	Plaintiff Ronald Zollars is an individual and a citizen and resident of the Commonwealth of Pennsylvania and County of Allegheny residing at 131 Fifth Avenue, New Eagle, Pennsylvania  15067.

2. Plaintiff Ruth Zollars is an individual and a citizen and resident of the Commonwealth of Pennsylvania and County of Allegheny and is the wife of the Plaintiff Ronald Zollars and resides with him as such at 131 Fifth Avenue, New Eagle, Pennsylvania  15067.

3. Defendant Troy-Built, Inc, is a limited liability corporation which is a citizen of the state of Ohio with its registered agent located at 5903 Grafton Road, Valley City, Ohio 44280.

4. Defendant Lowe's Home Centers, Inc t/d/b/a Lowe's is a corporation which is a citizen of the state of North Carolina with its principal place of business located at 1605 Curtis Bridge Road, Wilkesboro, NC  28697, which at all relevant times traded and did business as Lowe's.

5. Defendants Troy-Built, LLC and Lowe's Home Centers, Inc. t/d/b/a Lowe's at all relevant times traded and did business in the Commonwealth of Pennsylvania.

6. This Court is granted jurisdiction in this action pursuant to 28 U.S.C. §1332 because (a) the case involves citizens in different states, and (b) the amount in controversy is in excess of Seventy-five Thousand ($75,000.00) Dollars.

7. On or about April 1, 2007, the Plaintiff purchased a Troy-Built 19 Horsepower 42 Inch Super Bronco Automatic Lawn Tractor at the Defendant Lowe's Home Centers, Inc. t/d/b/a Lowe's store at 200 Sara Way, Belle Vernon, PA  15012.

8. On or about August 10, 2008, at approximately 1:00 p.m. the Plaintiff Ronald Zollars was driving the tractor from the adjacent yard onto his own property when, suddenly, and without warning, the tractor shifted into neutral.

9. Due to the position of the brake pedal, the Plaintiff was unable to depress the pedal and he jumped from the tractor to avoid colliding with trees which were before him.

## COUNT I

### RONALD ZOLLARS vs. TROY-BUILT, LLC

10. The Plaintiff hereby incorporates by reference paragraphs 1 through 9 as though the same were more fully set forth at length herein.

11. At all times relevant to this action, this Defendant was engaged in the business of designing, manufacturing, selling, and/or supplying tractors and was a "seller" as defined by the Restatement (Second) Torts §402A as adopted by the Supreme Court of Pennsylvania.

12. The tractor was expected to and did reach the Plaintiff and was used by him without substantial change to the condition in which it was sold.

13. The Defendant breached the duties owed to the Plaintiff as mandated by selling the tractor in a defective condition rending it unreasonably dangerous to the user.

14. The tractor was dangerous in the following particulars:

   a. It could unintentionally switch into neutral gear;

   b. It could appear that the shift was fully and correctly engaged when it was in a position when it could unintentionally shift into neutral;

   c. The brake was in a place where it could not be easily, conveniently and/or safely reached to be depressed;

   d. It failed to have all features and accoutrements to render it safe for us; and

   e. It failed to be properly labeled and have proper warnings.

15. As a direct, legal and proximate result of the breach of the mandates of §402A by this Defendant, Plaintiff Ronald Zollars has sustained the following injuries and damages:

   a. Tibial plateau fracture;

   b. Other serious injuries;

   c. He has had to undergo medical treatment including hospitalization and surgery;

  d.  He has suffered and will continue to suffer great pain, suffering, mental anguish and embarrassment;

  e.  Medical bills for treatment and liens have been incurred;

  f.  He has been disfigured;

  g.  He has been unable to enjoy the ordinary pleasures of life;

  h.  He has been unable to perform her normal daily activities; and

  i.  His general health, strength and vitality have been impaired.

WHEREFORE, Plaintiff Ronald Zollars demands judgment in his favor and against Defendant Troy-Built, LLC in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

## COUNT II

### RONALD ZOLLARS vs. TROY-BUILT, LLC

16. The Plaintiff hereby incorporates by reference paragraphs 1 through 15 as though the same were more fully set forth at length herein.

17. At all times relevant hereto, this Defendant was a "merchant" within the meaning of the Pennsylvania Uniform Commercial Code.

18. Being within the ambit of the foreseeable operation and use of the tractor, the Plaintiff relied upon this Defendant's express warranties and/or implied warranties which were extended in accordance with the Pennsylvania Uniform Commercial Code.

19. As a direct, legal and proximate result of the breaches by this Defendant of the warranties, said warranties having been made by agent servants and/or employees of this Defendant acting within the scope of their employment and authority and/or implied by law, the Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Ronald Zollars demands judgment in his favor and against Defendant Troy-Built, LLC in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

## COUNT III

### RONALD ZOLLARS vs. TROY-BUILT, LLC

20. The Plaintiff hereby incorporates by reference paragraphs 1 through 19 as though the same were more fully set forth at length herein.

21. This Defendant was negligent in the following particulars:

    a. In designing, manufacturing, and/or selling a tractor which could unintentionally switch into neutral gear;

    b. In designing, manufacturing, and/or selling a tractor with a shift which could appear to be fully and correctly engaged and could shift into neutral;

    c. In designing, manufacturing, and/or selling a tractor with the brake placed so that it could not be easily, conveniently, and/or safely reached to be depressed;

    d. In designing, manufacturing, and/or selling a tractor which failed to have all features and accoutrements to render it safe for use; and

    e. In designing, manufacturing, and/or selling a tractor which failed to be properly labeled and have proper warnings.

22. As a direct, legal and proximate result of the negligence of this Defendant as aforesaid, the Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Ronald Zollars demands judgment in his favor and against Defendant Troy-Built, LLC in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

## COUNT IV

### RUTH ZOLLARS vs. TROY-BUILT, LLC

23. The Plaintiff hereby incorporates by reference paragraphs 1 through 22 as though the same were more fully set forth at length herein.

24. As a direct, legal and proximate result of the breach of the mandates of §402A by this Defendant, the breaches of warranties by this Defendant, and/or the negligence of this Defendant, the Plaintiff Ruth Zollars has sustained the following damages:

    a. She has been deprived of the service, assistance, society, and consortium of her husband the Plaintiff Ronald Zollars and

    b. She has incurred medical bills an medical liens on behalf of her husband the Plaintiff Ronald Zollars.

WHEREFORE, Plaintiff Ruth Zollars demands judgment in her favor and against Defendant Troy-Built, LLC in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

## COUNT V

### RONALD ZOLLARS vs. LOWE'S HOME CENTERS, INC. t/d/b/a LOWE'S

25. The Plaintiff hereby incorporates by reference paragraphs 1 through 24 as though the same were more fully set forth at length herein.

26. At all times relevant hereto, this Defendant was in the business of selling tractors and was a "seller" as defined by the Restatement (Second) Torts §402A as adopted by the Supreme Court of Pennsylvania.

27. The Defendant breached the duties owed to this Plaintiff as mandated by selling the tractor in a defective condition as previously set forth.

28. As a direct, legal and proximate result of the breach of the mandates of §402A by the Defendant, the Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Ronald Zollars demands judgment in his favor and against Defendant Lowe's Home Centers, Inc. t/d/b/a Lowe's in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

## COUNT VI

### RONALD ZOLLARS vs. LOWE'S HOME CENTERS, INC. t/d/b/a LOWE'S

29. The Plaintiff hereby incorporates by reference paragraphs 1 through 28 as though the same were more fully set forth at length herein.

30. At all times relevant hereto this Defendant was a "merchant" within the meaning of the Pennsylvania Uniform Commercial Code.

31. Being within the ambit of the foreseeable operation and use of the tractor, the Plaintiff relied upon this Defendant's express warranties and/or implied warranties which were extended in accordance with the Pennsylvania Uniform Commercial Code.

32. As a direct, legal and proximate result of the breaches by this Defendant of the warranties, said warranties having been made by agents, servants, and/or employees of this Defendant acting within scope of their employment and authority and/or implied by law, the Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Ronald Zollars demands judgment in his favor and against Defendant Lowe's Home Centers, Inc. t/d/b/a Lowe's in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

## COUNT VII

**RONALD ZOLLARS vs. LOWE'S HOME CENTERS, INC. t/d/b/a LOWE'S**

33. The Plaintiff hereby incorporates by reference paragraphs 1 through 32 as though the same were more fully set forth at length herein.

34. This Defendant was negligent in the following particulars:

   a. In selling a tractor which could unintentionally switch into neutral gear;

   b. In selling a tractor with a shift which could appear to be fully and correctly engaged and could shift into neutral;

   c. In selling a tractor with the brake placed so that it could not be easily, conveniently, and/or safely reached to be depressed;

   d. In selling a tractor which failed to have all features and accoutrements to render it safe for use; and

   e. In selling a tractor which failed to be properly labeled and have proper warnings.

35. As a direct, legal and proximate result of the negligence of this Defendant as aforesaid, the Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Ronald Zollars demands judgment in his favor and against Defendant Lowe's Home Centers, Inc. t/d/b/a Lowe's in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

## COUNT VIII

**RUTH ZOLLARS vs. LOWE'S HOME CENTERS, INC. t/d/b/a LOWE'S**

36. The Plaintiff hereby incorporates by reference paragraphs 1 through 35 as though the same were more fully set forth at length herein.

37.     As the direct, legal and proximate result of the breach of the mandates of §402A, the breaches of warranties, and/or the negligence of this Defendant, Plaintiff Ruth Zollars has sustained the damages previously set forth.

WHEREFORE, Plaintiff Ruth Zollars demands judgment in her favor and against Defendant Lowe's Home Centers, Inc. t/d/b/a Lowe's in an amount in excess of Seventy Five Thousand Dollars, exclusive of interest and costs.

RESPECTFULLY SUBMITTED:

SCHIFFMAN & WOJDOWSKI


By: /s/ Carl R. Schiffman_____
    Carl R. Schiffman
    Attorney for Plaintiffs

## **VERIFICATION**

The undersigned, Ronald Zollars and Ruth Zollars, Plaintiffs named herein, and being authorized to make this Verification for and on their behalf, having read the foregoing COMPLAINT and verify that the averments are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language is that of counsel and not of signers. Signers verify that they have read the foregoing, and that it is true and correct to the best of the signers' knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, verifiers have relied upon counsel in making this verification. This verification is made subject to the penalties of 18 PA C.S.A. § 4904, relating to unsworn falsification to authorities.


Date: 06/30/10                                  /s/ Ronald Zollars
                                                Ronald Zollars


Date: 06/30/10                                  /s/ Ruth Zollars
                                                Ruth Zollars