IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD ZOLLARS and        )
RUTH ZOLLARS              )
                          )
           Plaintiffs,    )
                          )
     v.                   )    Civil Action No. 10-924
                          )
TROY-BUILT, LLC and       )
LOWE'S HOME CENTERS, INC.,)
                          )
           Defendants.    )


O R D E R

On July 12, 2010, plaintiffs filed a complaint in the above-captioned case. On December 21, 2011, after a motion for summary judgment was submitted by defendants, Troy-Built, LLC and Lowe's Home Center, Inc., a Report and Recommendation was filed by the United States Magistrate Judge. On January 9, 2012, the Plaintiffs and Defendants filed objections to the Report and, on January 23, 2012, plaintiffs filed a response to defendants' objections.

Defendants' first objection is that the Magistrate Judge erred when he rejected their assumption of the risk defense on the basis that they failed to meet their evidentiary burden that the subject tractor was unreasonably dangerous. Defendants claim that they conceded the design defect and that, because of this tacit concession, the Magistrate Judge should

have discussed their assumption of risk defense.

Defendants, however, only addressed assumption of the risk as it concerned the defectively designed brake pedal when, in fact, the design defect theory was multi-faceted. The plaintiffs alleged that a series of design defects, i.e., the tractor could unintentionally switch into neutral gear, it could misleadingly appear that the shift was correctly engaged, and the unsafe positioning of the brake pedal, led to the tractor's free-wheeling and Mr. Zollars's subsequent inability to stop. Even if Zollars's deposition testimony was accepted as an acknowledgment that the brake pedal was difficult to engage, this admission would not establish that he assumed the risk of operating the tractor as to the other alleged defects, all of which contributed to the accident. For this reason, defendants' first objection is overruled.

Defendants also object to the Magistrate Judge's recommendation that the failure to warn claim proceed. As stated in the Report and Recommendation, " [t]o pursue a failure to warn claim, a plaintiff must establish that:   (1) a warning of a particular danger was either inadequate or altogether lacking, rendering the product 'unreasonably dangerous,' and (2) the user would have avoided the risk if he had been advised of it by the seller. Philips v. A-Best Products Company, 542 Pa. 124, 131, 665 A.2d 1167, 1171 (1995)." Report and Recommendation, p. 20.

In addressing the failure to warn claim, plaintiffs averred that there was no warning that, *inter alia*, the shift lever could appear to be in forward when it was not completely in gear, and, that if that problem was known to him, he would have re-evaluated his ability to operate the tractor given his difficulty in reaching the pedal.

In their objection, defendants contend that because plaintiffs' expert, Kai Baumann, testified that there was no causal link between the failure to warn and the subject accident and because expert testimony is required to establish the causal connection, the failure to warn claim should not move forward. The objection is overruled.

First, expert testimony is not required in a failure to warn claim "unless the issue is beyond the comprehension of a lay person." Alexander v. Morning Pride Manufacturing, Inc., 913 F. Supp. 362, 371 (E.D.Pa. 1995). The failure to warn claim presented here is within the province of a lay person's understanding. Second, although Baumann opined that there was not a causal connection between the failure to warn and the accident, a reading of his reports and deposition testimonies reveals that his opinion was limited to warnings concerning the brake. He did not render any opinion concerning the warnings, or lack thereof, related to the failure to warn that the tractor could unintentionally switch into neutral gear, or that it could

misleadingly appear that the shift was correctly engaged. Accordingly, the Magistrate Judge correctly recommended that the evidence, at this stage of the proceedings, supports an inference that a warning about the gear shift might have prevented Zollars's injuries.

For their part, plaintiffs have objected to the recommendation that summary judgment be granted on the claim for breach of implied warranty of fitness for a particular purpose. Zollars's objection to this recommendation is that, although Lowe's implicitly warranted that this product was fit for mowing on hilly land, the tractor was incapable of being used safely on his property. It is undisputed that, when Zollars informed the Lowe's clerk that he needed a tractor suitable for mowing a hilly terrain, she advised him to purchase a tractor with more power than the model he was initially considering purchasing.

Plaintiffs' objection is likewise overruled. First, whether mowing a hilly terrain fits the definition of a particular purpose is questionable. The tractor was sold and used for lawn-mowing which would seemingly encompass mowing a hilly property. Second, even if plaintiffs adequately pled a "particular purpose," the uncontested evidence is that, for two mowing seasons, the tractor was fit to mow Zollars's property, belying plaintiffs' contention that the tractor was incapable of being used safely on the their property. This matter is,

therefore, distinguishable from Roupp v. Acor, 384 A.2d 968 (Pa.Super. 1978), where the Court found that an implied warranty of fitness for a particular purpose had arisen when a truck buyer advised the seller that he desired a truck with an engine that would last for three years, yet, after five months, the engine was rendered useless. In Roupp, the damage incurred was directly related to the conversation between the buyer and seller regarding the life of the engine. In contrast, Zollars's testimony regarding his discussion with the Lowe's clerk focused on the power of the tractor and did not include any discussion regarding the gear shift or brake, the crux of Zollars's defective product claim. As stated by the Magistrate Judge, "Zollars's particular purpose claim might be valid if he was asserting that the tractor lacked the requisite power to cut his lawn, however, Zollars does not advance such an argument." Report and Recommendation, p. 19. What Zollars is arguing is actually a rehash of his argument on the implied warranty of merchantability claim - due to the tractor's defective design, it malfunctioned while employed in its ordinary use. As summary judgment was denied on the implied warranty of merchantability claim, Zollars will have the opportunity to litigate this issue.

For these reasons, the Court finds that plaintiffs' objection is not meritorious.

AND NOW, this    day of January, 2012, after plaintiffs

filed an action in the above-captioned case, and after a motion for summary judgment was submitted by defendants, Troy-Built, LLC and Lowe's Home Center, Inc., and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties fourteen days after being served with a copy to file written objections thereto, and upon consideration of the objections filed by Plaintiffs and Defendants, and upon independent review of the motions and the record, and upon consideration of the Magistrate Judge's Report and Recommendation (Docket No. 53), which is adopted as the opinion of this Court,

IT IS ORDERED that Defendants' motion for summary judgment (Docket No. 42) is GRANTED in part and DENIED in part. The motion is granted as to plaintiffs' claims for manufacturing defect, breach of express warranty, breach of the implied warranty of fitness for a particular purpose, and claims of negligence; the motion is denied as to plaintiffs' claims for strict liability design defect, breach of implied warranty of merchantability, and failure to warn.

United States District Judge