IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD ZOLLARS and )
RUTH ZOLLARS )
 )
          Plaintiffs, )
 )
v. ) Civil Action No. 10-924
 )
TROY-BUILT, LLC and )
LOWE'S HOME CENTERS, INC., )
 )
          Defendants. )

AMBROSE, Senior District Judge

Opinion
and
Order

Defendants filed motions *in limine* (ECF No. [69]) to preclude Plaintiffs from offering certain evidence at trial. Plaintiffs filed a brief in response (ECF No. [71]) but moved to strike Defendants' motion because Defendants did not file a supporting brief as required by my Chamber Rules. ECF No. [70]. Finding the law cited by Defendants in their Motion sufficient for my consideration, I denied Plaintiffs' Motion to Strike and now the issues are ripe for review. Having carefully reviewed the submissions by both parties, I find that Defendants' motion should be granted in part, and denied in part, as follows:

I.   Defendants' Motion to exclude Kai Baumann, Ph.D., P.E. from testifying as to the accuracy of and/or credibility of Plaintiff Ronald Zollars' testimony is GRANTED.

Defendants concede, and I find, that Dr. Baumann's opinion that Mr. Zollars is a "people pleaser" should not be offered into evidence (as an explanation for why Mr. Zollars testified at his deposition that he not only felt but saw the riding lawn mower's gear shift move into the

1

forward slot). Additionally, Dr. Baumann may not opine at trial on the credibility or accuracy of Mr. Zollars' testimony as to his placement of the mower's shift lever on the day of the incident (August 10, 2008) or otherwise. Rule 702 of the Federal Rules of Evidence[1] does not permit expert testimony for the purpose of determining a witness's credibility. *See Suter v. Gen. Accident Ins. Co. of Am.*, 424 F. Supp. 2d 781, 793 (D.N.J. 2006) (finding expert not competent to testify about another witness's credibility). Because witness credibility is a determination for the jury alone, I grant Defendants' motion as to Count I.

II. Defendants' motion to exclude Kai Baumann, Ph.D., P.E. from offering testimony that Defendants believe to be unsupported by facts is DENIED.

Defendants seek to prevent Dr. Baumann from testifying that Mr. Zollars placed the shift lever of the mower between the forward and neutral position on the day of the accident. Defs.' Mot., ECF No. [69], 4. Defendants believe such testimony contradicts Mr. Zollars' deposition testimony that he both saw and felt the shift lever in the forward slot prior to the incident. *Id.* at 1-2. Plaintiffs' theory of liability is that although Mr. Zollars' believed that he properly placed the shift lever into the forward gear, that could not have been the case, because the mower "free-wheeled." Pls.' Mot., ECF No. [71], 3. In his deposition, Dr. Baumann opines that "the only way [the mower will "free-wheel"] is if that shift lever doesn't make it all the way into the forward detent position." Baumann Dep. 76:21-23. When asked to reconcile this theory with Mr. Zollars' deposition testimony, Dr. Baumann explains that he believes Mr. Zollars is mistaken. Baumann Dep. 76:5-11 (Q: How about [Mr. Zollars'] . . . saying, yes, I saw it in the

---

[1] Rule 702 of the Federal Rules of Evidence provides:
    A witness who is qualified as an expert by knowledge, skill, experience, training, or education
    may testify in the form of an opinion or otherwise if:
    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact
           to understand the evidence or determine a fact in issue;
    (b)    the testimony is based on sufficient facts or data;
    (c)    the testimony is the product of reliable principles and methods; and
    (d)    the expert has reliably applied the principles and methods to the facts of the case.

position and felt it in the forward position? A: I do not think it can be true. Otherwise, he wouldn't have moved forward and it wouldn't have popped out into the neutral."). Although Defendants characterize this testimony as Dr. Baumann "creating his own set of facts to fit within his theory of liability," I find that Dr. Baumann's opinion is appropriately based on the facts of the accident and his observations of the mower (as documented in a video that shows how the mower's shift lever will move from a position between neutral and forward into neutral when it goes over bumps). Pls.' Br., ECF No. [71], 3-4. As I explained above at Count I, Dr. Baumann may not testify as to Mr. Zollars' credibility on this issue, nor may he conjecture why Mr. Zollars has testified that he saw and felt the lever in the forward gear. However, to the extent that Dr. Baumann is qualified as an expert and it is his expert opinion that such an incident of freewheeling cannot occur while the mower's lever is in the forward gear, that opinion is admissible. In evaluating the testimony, the jury may accept all, some, or none of it. Accordingly, Count II of Defendants' motion is denied.

III. Defendants' Motion to permit evidence of no prior claims is DENIED.

Defendants wish to introduce evidence that Defendant Troy-Bilt, LLC "has manufactured and sold hundreds of thousands of units with an identical transmission and shift gate as exist on the subject-riding mower . . . [and] no other claim has been made against Defendant Troy-Bilt, LLC for injuries due to the shift gate being between the forward and neutral position, the riding mower moving in the forward direction, and the shift level jumping into the neutral position, causing the riding mower to freewheel." Defs.' Mot., ECF. No. [69], 4-5. Evidence of lack of similar accidents is admissible in a strict products liability case as long as the introducing party lays a proper foundation "by establishing that others had used the same or a substantially similar product in the same or a substantially similar manner and had not been injured by the product."

3

*Castner v. Milwaukee Elec. Tool Corp.*, No. 02-5371, 2004 WL 2577554, at *2 (E.D. Pa. Oct. 19, 2004) (discussing *Spino v. John S. Tilley Ladder Co.*, 696 A.2d 1169 (Pa. 1997) and finding evidence of the absence of prior, similar accidents not admissible for lack of proper foundation). Mere testimony about the lack of lawsuits or claims has been found insufficient because such evidence "has little probative value and has a high danger of prejudice." *Spino*, 696 A.2d at 1173 n.8.

Here, I find that Defendants failed to establish a proper foundation for the admission of lack of prior claims evidence. Defendants' proffer does not identify, with specificity, the evidence they intend to present or the witness or witnesses who will provide the evidence. *See* Defs.' Mot. ECF. No. [69], 4-5. Moreover, in discovery, Defendants admitted that not all complaints and comments are recorded. *See* ECF. No. [71], Exhibit 5, 4.[2] Accordingly, Defendants' motion to permit testimony of no prior claims is denied. However, Defendants shall have three (3) business days from the date of this Opinion and Order to renew their motion with a revised proffer of evidence, as to this Count, only.

IV. Defendants' motion to exclude evidence of human factors design parameters is DENIED.

Defendants object to "Plaintiffs offering any evidence and/or testimony with regard to 'the human factors design parameters'" because they believe that the Human Factors Design Handbook, relied on by Plaintiffs' expert, "appl[ies] to automobiles and not riding mowers." Defs.' Mot., ECF No. [69], 5-6. I disagree. Having carefully reviewed the portions of the handbook relied on by Plaintiffs' expert, I find that the handbook provides design advice based

---

[2] Plaintiffs also argue against Defendants presenting evidence of no prior claims because deposition testimony revealed that there were unspecified complaints about the location of the brake pedal on similar mowers. Defendants' proffered evidence concerns the gate shift—not the location of the brake pedal; therefore, I find Plaintiffs' argument as to those complaints irrelevant. Additionally, Plaintiffs argue that Defendants' Chief Engineer, Mr. Plamper, testified that a complaint had been filed by a person complaining of freewheeling. This deposition testimony was not provided to the Court and did not factor into my decision, as Defendants failed to lay a proper foundation for the admission of no prior claims evidence.

4

on human factors for machines and equipment other than and in addition to automobiles. *See* Exhibit C, ECF No. [69-3], 4 & 8 (discussing agricultural and construction machine design and pedal considerations for vehicles with high driver positions, including heavy cargo tractors). Accordingly, I find it reasonable for Plaintiffs' expert to have used it in formulating his opinion. Because Defendants' objection to the handbook is one that questions the factual underpinnings of Plaintiffs' expert's opinion, it is one of weight, not admissibility. Plaintiffs have not asked for the handbook to be admitted into evidence; therefore, I need not conduct a Rule 703 admissibility analysis.[3] Accordingly, Plaintiffs' expert may be questioned about his reliance on the handbook for the limited purpose of explaining the bases for his opinion, but not as general proof for the underlying matter. *See* F.R.E. 703.

V. Defendants' motion to preclude testimony regarding the absence of a rollover protective structure is GRANTED.

Because Plaintiffs state they "have not and do not proffer the lack of a rollover protective structure as a causative factor," any such testimony is not relevant. Therefore, Defendants' motion is granted.

VI. Defendants' motion to preclude evidence of configuration of other gate shifts or of gate shifts designed by Kai J. Baumann, Ph.D., P.E. is DENIED.

Defendants argue Plaintiffs' expert should be precluded from testifying about gate shifts designed by other manufacturers and or by himself because in a strict liability case, "[t]he issue is whether the product is defective" and comparison of the subject mower's gate shift to other

---

[3] The admissibility of the bases of an expert's opinion is governed by Rule 703 of the Federal Rules of Evidence. The Rule provides:
> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

gate shifts is not relevant. Defs.' Mot., ECF No. [69], 8-9. Defendants argue that introduction of this evidence is necessary to meet their burden of proof regarding the "feasibility, practicality, and state of the art" of alternative designs of the mower's gate shift. Pls.' Br., ECF No. [71], 10-12.

In applying Pennsylvania state law to this design defect strict liability claim, I will follow the Restatement (Third) of Torts.[4] Consequently, in order to establish a prima facie case of design defect, Plaintiffs must "prove the availability of a technologically feasible and practical alternative design that would have reduced or prevented the Plaintiff's harm." Restatement (Third) of Torts § 2, cmt. f. "The test is whether a reasonable alternative design would, at reasonable cost, have reduced the foreseeable risks of harm posed by the product and, if so, whether the omission of the alternative design by the seller . . . rendered the product not reasonably safe." *Id.*

Because Plaintiffs must show the feasibility and practicality of an alternative design in establishing their prima facie case, I find that evidence in the form of other gate shifts is admissible. Plaintiffs may present this evidence by reference to "other products already available on the market" or through expert testimony. *Id.* While the Plaintiff is not required to produce a "prototype" of the alternative design, it is not prohibited. *See id.* Moreover, an expert may base his opinion on his own prototype as long as he demonstrates that his opinion is relevant and reliable. *See* F.R.E. 702 & 703; *see also Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 570

---

[4] For a comprehensive discussion on the current state of products liability law in Pennsylvania and its application in federal court, see *Lynn ex rel. Lynn v. Yamaha Golf-Car Co.*, No. 2:10-cv-01059, 2012 WL 3544744, at *10-*13 (W.D. Pa. Aug. 16, 2012) (applying sections 1 and 2 of the Restatement (Third) of Torts to products liability cases). *See also Covell v. Bell Sports, Inc.*, 651 F.3d 357 (3d Cir. 2011), *cert. denied.* —U.S.—, 132 S. Ct. 1541 (2012) (affirming *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38 (3d Cir. 2009), *cert. denied*, —U.S.—, 130 S. Ct. 553 (2009) and finding that federal district courts applying Pennsylvania law to products liability cases should follow sections 1 and 2 of the Restatement (Third) of Torts); *Beard v. Johnson and Johnson, Inc.*, 41 A.3d 823 (Pa. 2012) (declining to respond to *Covell*). *But see Sikkelee v. Precision Airmotive Corp.*, No. 4:07-cv-00886, 2012 WL 2552243, at *9 (M.D. Pa. July 3, 2012) (questioning *Covell* and applying the Restatement (Second) of Torts in strict products liability case).

(1993). Still, evidence of an alternative design is relevant only if it supports the conclusion that a reasonable alternative design could have been practically adopted *at the time of sale. See* Restatement (Third) of Torts, § 2, cmt. f. Defendants may use cross-examination to address their concern regarding Dr. Baumann's reliance on mowers of unknown manufacture dates as examples of reasonable alternative designs of the gate shift.

VII. Defendants' motion to preclude Plaintiffs from offering evidence and/or testimony regarding wage loss and/or loss of earning capacity after July 2, 2009 or that underlying medical conditions were the result of the accident is GRANTED.

Plaintiffs responded to this motion *in limine* by reference to their Pretrial Statement wherein Plaintiffs state that Mr. Zollars reached full recovery from his injuries as of July 2, 2009. Accordingly, Plaintiffs are not permitted to present testimony regarding wage loss and/or loss of earning capacity after July 2, 2009. Plaintiffs further argue that they detail the extent of the injuries that Mr. Zollars received from the August 10, 2008 incident in their Pretrial Statement: "[Mr. Zollars] sustained a nondisplaced lateral tibial plateau fracture with some fracture lines going down the tibial shaft . . .[and developed] . . . posttraumatic arthritis, [resulting] in a total left knee replacement." Plaintiffs' evidence of Mr. Zollars' injuries is limited to and must be consistent with the injuries as detailed in their Pretrial Statement.

VIII. Defendants' motion to preclude Plaintiffs from offering evidence and/or testimony that the subject riding mower was defective due to the location of the brake/clutch pedal is DENIED as moot.

Defendants want to preclude Plaintiffs from relying on testimony about or evidence of the location of the brake pedal in subsequently designed and manufactured riding mowers. Defs. Mot., ECF No. [69], 12. Defendants argue that because the location of the mower's brake pedal

7

complied with the applicable standards at the time of manufacture (late 2006), safety standards promulgated after the sale of the product are irrelevant and inadmissible to show design defect. *Id.* at 11-12. Because Plaintiffs state that they "will not be attempting to introduce any standards relative to the location of the brake," Defendants' motion is denied as moot.[5] In accordance with my reasoning at Count VI, *supra*, Plaintiffs may present evidence regarding the location of the brake if such evidence is offered to establish the feasibility and practicality of an alternative design.

---

[5] Because Plaintiffs do not intend to introduce the safety standards that Defendants requested this Court to preclude, I decline to elaborate on the admissibility of evidence of industry or safety standards to show design defect in products liability claims arising under Pennsylvania law in the Third Circuit.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD ZOLLARS and )
RUTH ZOLLARS )
)
         Plaintiffs, )
)
v. ) Civil Action No. 10-924
)
TROY-BUILT, LLC and )
LOWE'S HOME CENTERS, INC., )
)
         Defendants. )

AMBROSE, U.S. Sr. District Judge

ORDER

AND NOW, this 16th day of October, 2012, upon consideration of Defendants' motions *in limine* (ECF No. [69]), it is hereby ordered:

I.     Defendants' motion to exclude Kai Baumann, Ph.D., P.E. from testifying as to the accuracy of and/or credibility of Plaintiff Ronald Zollars' testimony is GRANTED;

II.    Defendants' motion to exclude Kai Baumann, Ph.D., P.E. from offering testimony that Defendants believe to be unsupported by facts is DENIED;

III.   Defendants' motion to permit evidence of no prior claims is DENIED;

IV.   Defendants' motion to exclude evidence of human factors design parameters is DENIED;

V.    Defendants' motion to preclude testimony regarding the absence of a rollover protective structure is GRANTED;

VI.   Defendants' motion to preclude evidence of configuration of other gate shifts or of gate shifts designed by Kai J. Baumann, Ph.D., P.E. is DENIED;

VII. Defendants' motion to preclude Plaintiffs from offering evidence and/or testimony regarding wage loss and/or loss of earning capacity after July 2, 2009 or that underlying medical conditions were the result of the accident is GRANTED.

VIII. Defendants' motion to preclude Plaintiffs from offering evidence and/or testimony that the subject riding mower was defective due to the location of the brake/clutch pedal is DENIED as moot.

It is further ordered that Defendants shall have three (3) business days from the date of this Order to file any supplemental Motions *in Limine* on the issue of no prior claims evidence.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose
Senior Judge, U.S. District Court